UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADDIE L. ROEBUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1498-SNLJ |
| | ) |
| DALE GLASS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 28 U.S.C. §1915. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $35.27, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action under 42 U.S.C. § 1983 against the following defendants: Dale Glass, St. Louis City Corrections Commissioner; Kristi Walther, Director of Nursing for Corizon Health, LLC; and Corizon Health, LLC. Plaintiff sues both individual defendants in their official capacities. Plaintiff alleges defendants are violating his Eighth Amendment rights to be free of cruel and unusual punishment in their care and treatment of his serious medical needs, which include diabetes, major depressive disorder, and bipolar disorder.

Plaintiff states that he is a 59-year old African-American male who was diagnosed with diabetes in his late teens. He has a long history of complications arising out of his diabetes, including hospitalizations, hyperglycemic episodes, foot ulcers, and medication non-compliance. Plaintiff states that many of these complications stem from his inability to manage his chronic illness while also dealing with his serious mental health disorders.

Plaintiff has been in the custody of the St. Louis City Justice Center since February 10, 2018. He has been hospitalized twice during his incarceration for hyperglycemia. Plaintiff alleges his medical records indicate defendants have been aware of plaintiff's chronic and dangerously high blood sugar levels for months, and their treatment of plaintiff has fallen below constitutional standards.

**Discussion**

Plaintiff's complaint names the individual defendants only in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claims against defendant Dale Glass, in his official capacity, is the equivalent of naming the City of St. Louis as a defendant, and fails as a matter of law. *See Ballard v. Missouri*, Case No. 4:13-CV-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *see also Wallace v. St. Louis City Justice Ctr.*, Case No. 4:12-CV-2291-JAR (E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

Similarly, in defendant Kristi Walther's case, in order to state a claim against her in her official capacity, plaintiff must allege that a policy or custom of Corizon Health, LLC was responsible for the alleged constitutional violation. *See Monell v. Dep=t of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegations that a policy or custom of Corizon Health, LLC was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendants Kristi Walther and Corizon Health, LLC.

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case on initial review. Instead, the Court will grant plaintiff's motion to proceed in

forma pauperis, and give plaintiff the opportunity to file an amended complaint to sue the individual defendants in their personal capacities. Plaintiff shall have seven (7) days from the date of this Memorandum and Order to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff's motion to file document under seal is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $35.27 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in accordance with the instructions set forth above within seven (7) days of the date of this Memorandum and Order.

Dated this 7th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).