UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADDIE ROEBUCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-01498-SNLJ |
| DALE GLASS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for temporary restraining order (#28) and motion for access to client (#31). On December 10, 2018, this Court ordered plaintiff to file a report regarding the status of these motions, and plaintiff did so on December 12, 2018 (#38). Having carefully reviewed plaintiff's motions and supporting memoranda, this Court will **DENY** plaintiff's motion for a temporary restraining order and will **DENY AS MOOT** the motion for access to client.

**I. BACKGROUND**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action under 42 U.S.C. § 1983 against a number of defendants. Plaintiff states that he is a 59-year-old African-American male who was diagnosed with diabetes in his late teens. He has a long history of complications arising out of his diabetes, including hospitalization, hyperglycemic episodes, foot ulcers, and medication non-compliance.

On November 27, 2018, counsel for plaintiff attempted to visit him at the St. Louis City Justice Center only to be told that he was hospitalized. Counsel for plaintiff explains

1

she "was informed by agents of the defendants that they could not provide information [regarding which hospital plaintiff was at] and [that she] would not be allowed to visit her client." This prompted the filing of the motion for access to client (#31).

As it turns out, plaintiff was at SLU Hospital where, apparently, one of his toes was amputated as a result of diabetic complications. Plaintiff was discharged on November 29, 2018, and returned to the St. Louis City Justice Center. Counsel explains she has since had an opportunity to visit with plaintiff and, thus "access to plaintiff is no longer at issue and is accordingly moot." However, according to plaintiff's memoranda, "plaintiff remains in imminent danger of additional amputations" and, therefore, "plaintiff requests this Court ... [to allow] plaintiff [to] be transferred out of the care of the City Justice Center and into a hospital facility … and/or a mental health / psychiatric facility[.]" Plaintiff argues transfer is necessary because he is being denied "adequate medical care to treat his type-2 diabetes."

## II. ANALYSIS

### A. Plaintiff's Motion for a Temporary Restraining Order

Although plaintiff's motion was filed as a motion for a temporary restraining order, notice has now been giving to opposing counsel, and the Court will treat the motion as one for a preliminary injunction. A preliminary injunction is an "extraordinary remedy never awarded as of right," which places the burden squarely upon the movant to demonstrate its appropriateness. *Benisek v. Lamone*, 138 S.Ct. 1942, 1943 (2018). To obtain preliminary injunctive relief, the Court must examine and weigh four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether

the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. Gresham v. Swanson, 866 F.3d 853, 854 (8th Cir. 2017). Likelihood of success on the merits is the "most significant factor," and "the absence of a likelihood of success on the merits strongly suggest that preliminary injunctive relief should be denied." *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

To determine plaintiff's likelihood of success on the merits, the Court must consider the bases of his claims. Here, plaintiff brings claims under Section 1983 regarding his medical care. "Pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (explaining that, technically speaking, pretrial detainees' claims are evaluated under the Due Process Clause rather than the Eighth Amendment). To establish that plaintiff's due process rights were violated due to inadequate medical care, plaintiff must show both that he suffered from an objectively serious medical need (the objective prong) and that the targeted defendants had actual knowledge of that need but deliberately disregarded it (the subjective prong). *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness:

3

disregarding a known risk to the arrestee's health." *Id*. Thus, because something akin to criminal recklessness is required, "neither negligence nor gross negligence are sufficient" in demonstrating deliberate indifference. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017).

There is no dispute that diabetes constitutes an objectively serious medical condition—that much is certain. However, the fatal flaw in plaintiff's arguments comes in the second requirement: he has not sufficiently demonstrated the subjective prong— deliberate indifference—by defendants for which injunctive relief can be had against them.

To be sure, plaintiff attaches an affidavit from a Dr. Shelley Gath, board-certified podiatrist, who opines plaintiff's blood sugar "is not being controlled tightly" and "is at increased risk of amputation if not treated appropriately," but nothing in Dr. Gath's affidavit discusses the complications defendants have had in administering treatment to plaintiff. And, rather than explain how defendants' treatment plan and efforts are akin to some form of criminal recklessness, Dr. Gath's affidavit appears to merely present her particular views of how she would treat plaintiff. Differences of medical opinion, particularly those coming after-the-fact coupled to a hindsight bias, do not demonstrate deliberate indifference by one side or the other. *Dulany v. Carnahan*, 132 F.3d 1234, 1242 (8th Cir. 1997) ("showing that another physician might have ordered different tests and treatment does not show deliberate indifference"); *see also Oldham v. Chandler-Halford*, 877 F.Supp. 1340, 1357 (N.D. Iowa 1995) (noting that deliberate indifference

has 'nothing to do with an expert's evaluation," but instead "is a determination … of the state of mind of the defendant [that] looks to apathy or disregard").

Absent from Dr. Gath's affidavit is any reference to the records before this Court that show plaintiff has repeatedly refused medication both for his diabetes as well as his mental health conditions. He denies insulin, for example, because of his view that "it's not helping," because "he['s] mad about [his] meds," or because he'd prefer "a sack lunch." These refusals came despite plaintiff being told of the possible complications resulting from a denial of medication. The records further show that defendants regularly check plaintiff's blood sugar levels, sometimes as much as four or five times a day. Plaintiff was also given special accommodations to receive his insulin directly from the nurse's station in light of defendants' observance that he would otherwise refuse medication if he had to wait in line on other inmates. And, though he complains of it, plaintiff was apparently put on suicide watch multiple times not as a punitive measure, but to ensure additional monitoring since defendants treat refusal to take medication as a form of self-harm. It is further noted from plaintiff's own briefing that he has been referred to outside facilities, such as SLU Health, when defendants feel they cannot internally address plaintiff's needs. In total, the record suggests plaintiff is being recalcitrant towards his medical providers, demanding his own brand of treatment.

While the Court is sympathetic to plaintiff's diabetic and mental conditions, deliberate indifference cannot be found on the basis of prison officials' decision, in the exercise of their professional judgment, to refuse an inmate's preferred course of treatment. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). There are, in fact, a myriad of

cases indicating deliberate indifference will not be found where medical staff attempt to provide treatment but are met with an inmate's refusal to cooperate. *See, e.g., Id.* (no deliberate indifference where medical staff made many attempts to evaluate inmate's psychological problems, but inmate refused to cooperate with treatment); *Beck v. Skon*, 253 F.3d 330 (8th Cir. 2001) (no deliberate indifference where prison officials attempted to meet inmate's medical needs and were rebuffed); *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (no deliberate indifference where doctor's efforts to treat skin infection was impeded by inmate's inability or refusal to follow instructions); *see also Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (no deliberate indifference where inmate refused to cooperate with medical staff or accept medical assistance offered to him).

Therefore, because this Court is not convinced that plaintiff is likely to win on the merits of his claims, such that he has not proffered evidence tending to demonstrate deliberate indifference on the part of defendants, the Court will deny his motion for a temporary restraining order at this time.

### B. Plaintiff's Motion for Access to Client

Counsel for plaintiff concedes that "access to plaintiff is no longer at issue and is accordingly moot." However, counsel suggests the motion should remain pending because "counsel is still not in receipt of plaintiff's medical records … as requested per the motion[.]" Those records can be obtained through the appropriate discovery processes, and this Court will not read the motion to be a motion to compel. Accordingly, plaintiff's motion for access to client will be denied as moot.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order (#28) is **DENIED**.

**IT IS FURTHERED ORDERED** that plaintiff's motion for access to client (#31) is **DENIED AS MOOT**.

So ordered this 14th day of December 2018.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE