UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADDIE ROEBUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01498-SNLJ |
| | ) |
| DALE GLASS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dale Glass's motion to dismiss the official capacity claims against him (#40).[1] The issues have been fully briefed. For the following reasons, the motion will be **GRANTED**.

### I. BACKGROUND

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action under 42 U.S.C. § 1983 against a number of defendants. Plaintiff states that he is a 59-year-old African-American male who was diagnosed with diabetes in his late teens. He has a long history of complications arising out of his diabetes, including hospitalization, hyperglycemic episodes, foot ulcers, and medication non-compliance.

The present motion involves allegations that the City of St. Louis, through the official acts of defendant Glass, has perpetrated an unconstitutional custom of denying

---

[1] Recognizing that an official capacity claim against a public employee is, in actuality, a claim against the public employer itself, defendant Glass also moves to have the City of St. Louis dismissed for the same reasons raised in defendant Glass's motion. In his brief, plaintiff acknowledges that "naming both [the] City of St. Louis and defendant Glass as defendants is redundant and unnecessary."

1

inmates access to off-site medical specialists for the treatment of their chronic conditions. Defendant Glass moves under Rule 12(b)(6) to dismiss the official capacity claims against him and the City of St. Louis arguing plaintiff has not alleged facts tending to infer the existence of an unconstitutional policy or custom.

**II. STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Jones v. Douglas County Sheriff's Dept.*, 915 F.3d 498, 499 (8th Cir. 2019) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555.

In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor

"a formulaic recitation of the elements of a cause of action" will suffice. *Bell Atlantic Corp.*, 550 U.S. at 545 (internal citations omitted). That is to say, neither "legal conclusions" nor "conclusory statements" will "save [a] complaint" from dismissal pursuant to Rule 12(b)(6). *Whitney v. City of St. Louis, Mo.,* 887 .3d 857, 860 (8th Cir. 2018).

## III. ANALYSIS

"A plaintiff who sues public employees in their official capacities sues only the public employer and therefore must establish the municipality's liability" rather than the official's liability. *Miller v. City of St. Paul*, 823 F.3d 503, 506 (8th Cir. 2016). Indeed, a local government does not answer "for the injuries inflicted solely by its employees or agents," and thus is not subject to *respondeat superior* liability. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). Rather, a local government is narrowly liable for its own unconstitutional misconduct—as perpetrated through its employees—that falls under one of three categories: (1) an official policy; (2) an unofficial custom; or (3) a failure to train, "which is an extension of the same" and serves to evidence an unconstitutional policy or custom. *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018). Accordingly, rather than implicate the doctrine of *respondeat superior*, an official capacity claim serves only to address the conduct of a particular official in furtherance of his or her employer's unconstitutional policy or custom. *See Miller*, 823 F.3d at 506.

Thus, to sustain a claim against defendant Glass in his official capacity as St. Louis City Corrections Commissioner, plaintiff "must prove that the [City of St. Louis]

3

itself caused the constitutional violation at issue." *Marsh,* 902 F.3d at 751. To prove this, plaintiff primarily relies on the second category of municipal liability—an unofficial custom—and explains in his brief that there "is a custom of inadequate medical care allowed by defendant [Glass] at [St. Louis City Justice Center]."[2] Under Eighth Circuit precedent, an unofficial custom requires a showing of three things:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the government entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e. that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

In his brief, plaintiff points to a single paragraph—paragraph 130—of his 131-paragraph complaint for the proposition that he has adequately alleged "a custom of inadequate medical care." That paragraph reads in full:

"Specifically, defendants have repeatedly been made aware of these conditions [of inadequate medical care] through *administrative grievances and written complaints generated by plaintiff Roebuck*. Moreover, media accounts and public reports are constantly generated about pre-trial

---

[2] While his brief focuses on an unconstitutional custom, the amended complaint takes a scattershot approach to pleading municipal liability. Paragraph 83 of the complaint references an official policy, an unofficial custom, and a failure to train—all three modes of liability—within a single sentence. These three modes of liability are distinctive, however, and require different proofs. *See Marsh*, 902 F.3d at 751 n.5 (explaining how a failure to train claim is an "extension" of a policy claim, but requires unique proof); *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699-700 (8th Cir. 2016) ("Policy and custom are not the same thing."). Because plaintiff does not "point to an official policy" and does nothing to detail how "a failure to train reflect[ed] a deliberate or conscious choice" by the City of St. Louis, those claims, to the extent they are being made, are not considered further.

detainees and inmates who have suffered while in the detention of the defendants and those who have ultimately died."

Doc. #8, ¶ 130 (emphasis added).

Half of this paragraph focuses on plaintiff's own, unique situation—to say nothing of a widespread pattern of misconduct. The balance then focuses on a vague presumption of systemic issues within the St. Louis City Justice Center as told by news media and reports by various interest groups, which says little-to-nothing about a particular unconstitutional custom. There is also a threadbare reference to the fact that defendant Corizon Health, LLC.—which contracts with St. Louis City to provide medical services—has a "custom … to deny individuals like plaintiff the specialized medical care (i.e. referral to a specialist) necessary to treat their underlying [chronic health] condition[s]."

These allegations are far too conclusory to state a claim for municipal liability. Indeed, a complaint that primarily focuses on the plaintiff's own experiences with only tangential, nebulous references that other inmates were similarly affected is insufficient to support the inference of a widespread pattern of unconstitutional misconduct. *See Corwin v. City of Independence, Mo*., 2015 WL 13308584 at \*3-4 (W.D. Mo. May 5, 2015), *aff'd* 829 F.3d 695 (8th Cir. 2016). Moreover, a mere declaration that an unconstitutional custom exists does not imposes on this Court any obligation to reactively deny a Rule 12(b)(6) motion. To the contrary, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, plaintiff is charged with alleging *facts*—not *conclusions*—that would tend to indicate the existence of an unconstitutional custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (affirming dismissal of Section 1983 claim under Rule 12(b)(6) where the complaint did not "include any allegations, reference, or language by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom"); *Whittaker v. St. Louis Justice Center*, 2019 WL 1100476 at *3 (E.D. Mo. Mar. 9, 2019). Put simply, plaintiff may hold an ultimate conclusion in his head but, for purposes of pleading his case in satisfaction of Rule 8, he must set forth the underlying facts "showing that [he] is entitled to relief" so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dale Glass's motion to dismiss (#40) is **GRANTED**. The official capacity claim against defendants Glass and the claim for municipal liability against the City of St. Louis are **DISMISSED without prejudice**. Plaintiff's individual capacity claims may proceed, however.

So ordered this 21st day of March 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE