**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LADDIE ROEBUCK, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01498-SRC |
| | ) | |
| DALE GLASS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on [56] Defendant Corizon Health, LLC's

("Corizon") Motion for Judgment on the Pleadings.[1]  The Court grants the Motion.

**I.      BACKGROUND**

Plaintiff Laddie Roebuck, a pretrial detainee at the St. Louis City Justice Center, brings

this action under 42 U.S.C. § 1983 against multiple defendants.  Roebuck states that he is a 59-

year old African-American male who was diagnosed with diabetes in his late teens.  He has a

long history of complications arising out of his diabetes, including hospitalization,

hyperglycemic episodes, foot ulcers, and medication non-compliance.

The present motion involves allegations that Corizon has perpetrated an unconstitutional

policy or custom of denying adequate medical care to detainees in order to reduce costs.  Corizon

moves under Rule 12(c) for judgment on the pleadings, arguing Roebuck has not alleged facts

tending to infer the existence of an unconstitutional policy or custom.

---

[1] Corizon's Motion is styled as a "Motion to Dismiss" but is brought pursuant to Federal Rule of Civil Procedure
12(c), which provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for
judgment on the pleadings."  Accordingly, the Court considers the Motion as one for judgment on the pleadings.

The Court previously granted the Rule 12(b)(6) motion to dismiss of Defendant City of

St. Louis, finding that similar allegations failed to state a claim for § 1983 municipal liability

against the City.  *See* Doc. 49.

## II.    STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings.  Fed. R.

Civ. P. 12(c).  A motion for judgment on the pleadings is reviewed "under the same standard

used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

*Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).  Under Federal Rule of Civil

Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim

upon which relief can be granted."  The notice pleading standard of FRCP 8(a)(2) requires a

plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief."

To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

This requirement of facial plausibility means the factual content of the plaintiff's allegations

must "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512

(8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences

in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor

of the plaintiff.  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).

However, if a claim fails to allege one of the elements necessary to recovery on a legal theory,

the Court must dismiss that claim for failure to state a claim upon which relief can be granted.

*Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.  "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (internal quotations omitted).  Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal*, 556 U.S. at 679.  Therefore, a court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief."  *Id*.  This "context-specific" task requires the court to "draw on its judicial experience and common sense."  *Id*. at 679, 682.  In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct.  *Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 567.  The Court must then determine whether the plaintiff plausibly alleges a violation of the law.  *Iqbal*, 556 U.S. at 682.  The well-pleaded facts must permit more than the "mere possibility of misconduct."  *Id*. at 679.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

A corporation acting under color of state law cannot be liable under § 1983 on a *respondeat superior* theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); s*ee also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Roebuck argues that he has sufficiently alleged that Corizon provided him with inadequate medical care pursuant to an official policy. Doc. 61 at 5. Roebuck's Amended Complaint alleges:

> Upon information and belief, it is the policy and custom of Corizon and the City of St. Louis to deny individuals like Plaintiff the specialized medical care (i.e., referral to a specialist) necessary to treat their underlying condition due to lack of proper training regarding best practices and proper protocol for treatment of chronic health conditions like Type 2 Diabetes, and in order to keep medical costs within the parameters set forth in the parties' contract.

Doc. 8 at ¶ 83. The Court previously determined that this very allegation was "far too conclusory to state a claim for municipal liability" against the City of St. Louis. Doc. 49 at 5 (referring to allegation as "threadbare"). The Court finds that it fails to state a claim against Corizon, for the same reasons. As the Court noted in granting the City's Motion to Dismiss:

> [A] mere declaration that an unconstitutional custom exists does not impose on this Court an obligation to reactively deny a Rule 12(b)(6) motion. To the contrary, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere legal conclusory statements, do not suffice."

4

*Id.* (quoting *Iqbal*, 556 U.S. at 678).  Roebuck's allegation of an unconstitutional policy is mere

legal conclusion, unadorned by any factual allegations from which the Court could reasonably

infer the existence of such a policy.

Roebuck also argues he has alleged facts sufficient to show that Corizon has a custom of

providing constitutionally-deficient medical care.  Doc. 61 at 9.  To establish liability based on a

custom, plaintiff must demonstrate (1) the existence of a "continuing, widespread, persistent

pattern of unconstitutional misconduct"; (2) deliberate indifference to or tacit authorization of

such conduct by policymaking officials after they have notice of the conduct; and (3) that the

custom was the "moving force" behind the constitutional violation.  *Johnson v. Douglas Cty.*

*Med. Dep't*, 725 F.3d. 825, 828 (8th. Cir. 2013).  Roebuck argues that he has adequately pleaded

a "widespread pattern of abuses" by alleging multiple incidents in which Corizon personnel

provided him with deficient medical care for his diabetes.  Doc. 61 at 9.  But as the Court noted

when it dismissed Roebuck's municipal liability claims against the City, these allegations

"focus[] on plaintiff's own, unique situation—[and] say nothing of a *widespread* pattern of

misconduct."  Doc. 49 at 5 (emphasis added).  Roebuck's only allegation describing misconduct

beyond his own personal experience is that

> media accounts and public reports are constantly generated about pre-trial
> detainees and inmates who have suffered while in the detention of defendants and
> those who have ultimately died.

Doc. 8 at ¶ 130.  Again, the Court already determined that this allegation describes only "a vague

presumption of systemic issues within the St. Louis City Justice Center as told by news media

and reports by various interest groups, *which says little-to-nothing about a particular*

*unconstitutional custom*."  Doc. 49 at 5 (emphasis added).  At best, Roebuck alleges "a mere

possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  Accordingly, Roebuck has failed to

adequately allege that Corizon has a custom of providing constitutionally-deficient medical care.

Finally, Roebuck argues that he has stated a claim against Corizon by alleging deficient care by Corizon's employee, Defendant Kristi Walther. But Walther's actions may not be imputed to Corizon under a *respondeat superior* theory for purposes of Roebuck's § 1983 claim. *Smith*, 499 F.3d at 880. Walther is a separate defendant and has not moved to dismiss Roebuck's claims against her at this time. Doc. 62 at 2-3.

Accordingly,

**IT IS HEREBY ORDERED** that [56] Defendant Corizon Health, LLC's motion for judgment on the pleadings is GRANTED. The Court dismisses Roebuck's claims against Corizon Health, LLC. Roebuck's claims against Defendant Kristi Walther remain pending, however.

So Ordered this 31st day of March, 2020.

_SL R. CR_

_____

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**